Steven H. Haney, SBN 121980
Gregory L. Young, SBN 226293
**HANEY & YOUNG, LLP**
1055 West Seventh Street, Suite 1950
Los Angeles, California 90017
Telephone:  (213) 228-6500
Facsimile:  (213) 228-6501
E-Mail:    shaney@haneyyoung.com

Attorneys for Plaintiff RONALD MOLINARI

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>    MICHAEL MELSH<br><br>           Debtor.<br>_____<br>RONALD MOLINARI,<br><br>           Plaintiff,<br><br>vs.<br><br>MICHAEL MELSH AND MAKY MELSH<br><br>           Defendants. | Case No. 6:09-bk-41347-SY<br><br>*[Case assigned to the Honorable Scott Yun in Courtroom 302]*<br><br>Chapter 7<br><br>Adv. No.:<br><br>**COMPLAINT BY OMITTED CREDITOR RONALD MOLINARI TO DETERMINE DEBT NON-DISCHARGEABLE PURSUANT TO BANKRUPTCY CODE SECTIONS 523(a)(2), (4), (6); DEMAND FOR JURY TRIAL** |

TO THE HONORABLE SCOTT YUN, CLERK OF THE UNITED STATES BANKRUPTCY COURT, THE UNITED STATES TRUSTEE, THE DEBTOR, MICHAEL MELSH, THE DEBTOR'S SPOUSE, MAKY MELSH, THEIR ATTORNEY OF RECORD, AND ALL INTERESTED PARTIES:

1

## THE PARTIES AND PROCEEDINGS

1. Defendant, MICHAEL MELSH, is a debtor in this Chapter 7 case ("Michael" or "Debtor"). Plaintiff, RONALD MOLINARI ("Plaintiff or "Molinari"), is an individual residing in Los Angeles County, State of California.

2. MAKY MELSH ("Maky") is the spouse of the Debtor, who seeks to have her debts to Molinari discharged as part of Debtor's bankruptcy.

3. Since Debtor never listed Molinari as a Creditor in any of his bankruptcy papers, Plaintiff believes in good faith that no deadline for his objecting to Debtor's discharge has yet occurred or been set.

## JURISDICTION AND VENUE

4. This adversary proceeding is brought pursuant to Rule 7001(6) of the F.R.B.P. to determine the dischargeability of a debt under 11 U.S.C. §523(a)(2), (4), (6) of the *Bankruptcy Code.*

5. This Court has jurisdiction pursuant to 28 U.S.C. §157(b)(2)(I) and §1334, because this action is a core proceeding arising under Title 11.

6. Venue is proper pursuant to 28 U.S.C. §1409(a).

## GENERAL ALLEGATIONS

7. At all times herein mentioned, EMMY J. CARRIO ("EMMY") was the significant other and eventual spouse of Plaintiff.

8. At all times herein mentioned, MICHAEL MELSH ("MICHAEL") was the son of EMMY.

9. At all times herein mentioned, MAKY was the wife of MICHAEL.

10. In or about November 2007, by virtue of his pre-marital relationship to Defendant MICHAEL's mother, EMMY, Plaintiff loaned Defendants MICHAEL and MAKY the amount of $97,900, to be used as a down payment for the purchase of property located at 14491 Ithaca Drive, Corona, CA 92880, and

HANEY & YOUNG LLP
1055 West Seventh Street, Suite 1950
Los Angeles, California 90017
Telephone: (213) 228-6500
Facsimile: (213) 228-6501

described as Lot 216 of Tract No. 39913-1, as per map recorded in Book 406 Page 1, APN 130631002 ("Corona property"). Defendants MICHAEL and MAKY agreed to secure the loan with a deed of trust for the Corona property, with said deed to be recorded by Defendant MICHAEL. Plaintiff received what appeared to be copies of filed paperwork for the deed recordation, and did not question whether the deed was actually recorded, as he regarded and treated Defendant MICHAEL like his own son. Plaintiff alleges on information and belief that the deed of trust was never recorded by Defendant MICHAEL.

11. On or about November 4, 2008, Plaintiff was diagnosed with Stage 4 metastatic throat cancer.

12. In or about December 2008, Defendant MICHAEL refinanced his home, taking out $74,000 or so. Plaintiff alleges on information and belief that the loan was obtained without disclosing the unrecorded deed of trust for $97,900.

13. Less than two months after being diagnosed with throat cancer, Plaintiff and EMMY were married on or about December 25, 2008.

14. Plaintiff was scheduled to have throat surgery, a possibly life-threatening procedure, on January 14, 2009. Until that date, Plaintiff was on pain medication and preoccupied with thoughts of impending death.

15. Plaintiff underwent throat cancer surgery on January 14, 2009, and in spite of surviving the surgery, Plaintiff failed to make a full recovery from his illness and has been severely disabled ever since.

16. On or about October 8, 2009, Plaintiff loaned Defendant MICHAEL an additional $7,000, which Defendant MICHAEL claimed was needed to cover attorney's fees for his bankruptcy filing that eventually occurred on December 28, 2009. Although Defendant MICHAEL made repeated references in written communications regarding repayment of this loan, no repayment has taken place.

17. On or about December 18, 2013, Plaintiff pulled a property report on the Corona property and discovered that Defendant MICHAEL did not record the

3

loan document back in 2007 when he borrowed the $97,900 from Plaintiff. During those six years, Defendant MICHAEL would repeatedly tell Plaintiff how difficult it was to refinance, when in fact Defendant MICHAEL had refinanced twice, without disclosing the $97,900 loan and knowing that he had never recorded the Deed of Trust for the Corona property to secure the loan.

## FIRST CAUSE OF ACTION
### (For Fraud Against Defendants MICHAEL MELSH and MAKY MELSH)

18. Plaintiff incorporates each and every allegation of paragraphs 1 - 17 as though fully set forth herein.

19. Plaintiff alleges that by virtue of his personal relationship with EMMY and with EMMY's son, Defendant MICHAEL, prior to and during Plaintiff's marriage to EMMY, Defendants MICHAEL and MAKY, the wife of Defendant MICHAEL, used their position of familial trust ad confidence to make representations to Plaintiff with respect to matters concerning real property, money and other assets, and to exert undue influence, as defined by Civil Code section 1575, to induce Plaintiff's reliance on said representations, and thereafter concealing their intentional acts and/or omissions that were conducted with the intent to defraud Plaintiff so that Defendants MICHAEL and MAKY would reap financial gain at Plaintiff's expense.

20. Plaintiff alleges that Defendants MICHAEL and MAKY borrowed $97,900 from Plaintiff in November 2007, and in consideration, agreed to secure the loan with a deed of trust for the property owned by Defendants MICHAEL and MAKY located at 14491 Ithaca Drive, Corona, CA 92880.

21. Plaintiff relied on the agreement with Defendants MICHAEL and MAKY, and assumed that the deed of trust for the Corona property had been recorded, after receiving copies of the documents that had been prepared for recording purposes.

22. Plaintiff further alleges that Defendants MICHAEL and MAKY knew that the loan would remain unsecured, as Plaintiff discovered on or about December 18, 2013, that the deed of trust for the Corona property had never been recorded as agreed by Defendants MICHAEL and MAKY.

23. Plaintiff further alleges that Defendants MICHAEL and MAKY intentionally failed to record the deed of trust to secure the $97,900 loan in order to obtain refinancing at least twice thereafter, while making excuses to Plaintiff as to why they could not repay the loan.

24. Plaintiff alleges that Defendants MICHAEL and MAKY took advantage of Defendant MICHAEL's son-like relationship to Plaintiff in order to borrow the $97,900, knowing that they had no intention of paying the money back.

25. Plaintiff further alleges that Defendants MICHAEL and MAKY took advantage of Plaintiff's post-surgical disabled condition and concealed from Plaintiff their failure to record the deed of trust for the Corona property, and that such failure was intentional, so that Defendants MICHAEL and MAKY could obtain refinancing at least twice thereafter, without disclosing the loan from Plaintiff in order to keep the Corona property encumbrance-free, and to avoid repaying Plaintiff.

26. As a direct and proximate result of the intentional and wrongful conduct by Defendants MICHAEL and MAKY, Plaintiff has sustained severe and serious injury, including, but not limited to emotional and mental distress, anxiety, frustration, humiliation and indignity, and Plaintiff seeks compensatory damage in a sum according to proof.

27. The conduct of Defendants MICHAEL and MAKY constituted oppression, fraud and malice as defined by Civil Code section 3294, and Plaintiff is therefore entitled to punitive damages in an amount to be determined at the time of trial.

28. As a direct and proximate result of the intentional and wrongful

conduct by Defendants MICHAEL and MAKY, Plaintiff has sustained severe and serious injury, including, but not limited to emotional and mental distress, anxiety, frustration, humiliation and indignity, and Plaintiff seeks compensatory damage in a sum according to proof.

29. The conduct of Defendants MICHAEL and MAKY constituted oppression, fraud and malice as defined by Civil Code section 3294, and Plaintiff is therefore entitled to punitive damages in an amount to be determined at the time of trial.

## SECOND CAUSE OF ACTION

**(For Financial Abuse Pursuant to Welfare & Institutions Code Section 15610.30**

**Against Defendants MICHAEL MELSH and MAKY MELSH)**

30. Plaintiff incorporates each and every allegation of paragraphs 1 - 29 as though fully set forth herein.

31. The California Legislature has set forth the public policy of this state in Penal Code section 368 wherein the Legislature found and declared:

> "that crimes against elders and dependent adults are deserving of special consideration and protection, not unlike the special protections provided for minor children, because elders and dependent adults may be confused, on various medications, mentally or physically impaired, or incompetent, and therefore less able to protect themselves, to understand or report criminal conduct, or to testify in court proceedings on their own behalf."

32. The California Legislature has specifically recognized that the elderly and disabled or incapacitated adults are a disadvantaged class of citizens, and that it serves an important and vital state interest to protect such individuals from injury and as a result of abuse, as defined under California law.

33. At all relevant times mentioned herein, in their financial dealings with Plaintiff, EMMY, MICHAEL and MAKY violated Welfare & Institutions Code section 15610.30 and "financially abused" Plaintiff in violation and ignorance of

HANEY & YOUNG LLP
1055 West Seventh Street, Suite 1950
Los Angeles, California 90017
Telephone: (213) 228-6500
Facsimile: (213) 228-6501

the provisions of the Elder and Dependent Adult Civil Protection Act in their dealings with, and relating to Plaintiff.

34. Defendants MICHAEL and MAKY abused Plaintiff's trust by "borrowing" Plaintiffs' $97,900 based on their intentionally false representation that they would secure Plaintiff's loan by recording a deed of trust for the Corona property. Defendants MICHAEL and MAKY made this false representation to Plaintiff, knowing that they did not have the intent to perform. Defendants MICHAEL and MAKY intended that Plaintiff would rely on their false representation, and Plaintiff in fact did reasonably rely on their false representation. Plaintiff did not discover Defendants' false representation until on or about December 18, 2013.

35. Defendant MICHAEL further abused Plaintiff's trust by "borrowing" Plaintiff's $7,000 without any intention of repaying Plaintiff.

36. Plaintiff relied on EMMY as his spouse, to have his best interests in mind at all times. Defendant EMMY abused Plaintiff's trust by having Plaintiff sign grant deeds to transfer ownership of Plaintiff's properties in Rancho Mirage and Cathedral City, from Plaintiff's sole ownership to joint tenancy with her, and to have him sign codicils to his will and revocable living trust to bequeath $3.5 million worth of assets, including real property, to her, just days prior to his scheduled throat surgery while he was on pain medication and preoccupied about his upcoming surgery, and therefore in an incapacitated physical and mental state. Plaintiff does not recall signing the documents and had he been fully cognizant, he would have questioned the necessity and consequences of the documents as he later did upon learning of Defendant EMMY's actions in early December 2013.

37. EMMY, MICHAEL and MAKY, through their wrongful conduct took, secreted, appropriated or retained and assisted in taking, secreting, appropriating, or retaining money or the personal and real property of Plaintiff, in bad faith and with the intent to defraud Plaintiff. The wrongful conduct of

7

EMMY, MICHAEL and MAKY constituted "financial abuse" of disabled or incapacitated adults as defined by California law.

38. As a direct and legal consequence of Defendants' wrongful conduct, Plaintiff has suffered humiliation, mental anguish, severe emotional distress and other non-economic damages in an amount to be determined according to proof, as well as economic damages, including, but not limited to the loss of money, value of full share of real property that was rightly his separate property, and the division of assets resulting from the dissolution of Plaintiff's marriage to EMMY.

39. The conduct of EMMY, MICHAEL and MAKY constituted oppression, fraud and malice as defined by Civil Code section 3294, and Plaintiff therefore is entitled to punitive damages in a sum to be determined at the time of trial.

40. Pursuant to Welfare & Institutions Code section 15657.5 Plaintiff is entitled to an award of attorney's fees and costs incurred in this action.

### THIRD CAUSE OF ACTION
#### (For Civil Conspiracy Against All Defendants)

41. Plaintiff incorporates each and every allegation of paragraphs 1 - 40 as though fully set forth herein.

42. In or about November 2007, EMMY knowingly and willfully conspired with Defendants MICHAEL, MAKY and DOES 1 through 10, inclusive, and each of them, to take advantage of EMMY's pre-marital relationship with Plaintiff and Defendant MICHAEL's son-like relationship with Plaintiff to defraud Plaintiff of his money.

43. Defendants MICHAEL and MAKY thereafter borrowed $97,900 from Plaintiff, and misled Plaintiff into believing that the loan was secured by a recorded deed of trust for their Corona property, which Plaintiff subsequently discovered on or about December 18, 2013, that the deed had never been recorded,

8

1 and that Defendants MICHAEL and MAKY had refinanced their home at least
2 twice without disclosing the loan from Plaintiff.

3    44.    As a proximate result of the conspiratorial acts by Defendants
4 MICHAEL, MAKY and DOES 1 through 10, inclusive, and each of them, Plaintiff
5 has been damaged in the amount of $97,900 plus 9% interest per annum.

6    45.    Defendant MICHAEL thereafter borrowed $7,000 from Plaintiff, and
7 led Plaintiff to believe that the amount would be repaid, which to date no portion
8 thereof has been paid back to Plaintiff.

9    46.    As a proximate result of the conspiratorial acts by Defendants
10 MICHAEL, and DOES 1 through 10, inclusive, and each of them, Plaintiff has
11 been damaged in the amount of $7,000 plus 10% interest per annum.

12    47.    Said conspiracy continued after Plaintiff married EMMY on or about
13 December 25, 2008, less than two months after Plaintiff was told he had Stage 4
14 metastatic throat cancer.

15    48.    Some time between December 25, 2008 and January 14, 2009, the
16 date scheduled for Plaintiff's life-threatening surgery, EMMY arranged to have
17 grand deeds drafted to transfer Plaintiff's Rancho Mirage and Cathedral City
18 properties from Plaintiff's sole ownership to joint tenancy with her; she had the
19 grant deeds prepared and notarized by LINDA CRENSHAW, after which she
20 subsequently recorded the grant deeds.

21    49.    Plaintiff alleges that the notarizations of the grant deeds by LINDA
22 CRENSHAW were performed in a fraudulent manner as part of EMMY's plan to
23 defraud Plaintiff.

24    50.    Plaintiff alleges that by their participation in the preparation of the
25 grant deed documents, LINDA CRENSHAW and DOES 1 through 10, inclusive,
26 and each of them, were co-conspirators in EMMY's plans to defraud Plaintiff of
27 his ownership of his separate real property, as at the time of his signing the grant
28 deeds on or about January 12, 2009, he was on pain medication and pre-occupied

HANEY & YOUNG LLP
1055 West Seventh Street, Suite 1950
Los Angeles, California 90017
Telephone: (213) 228-6500
Facsimile: (213) 228-6501

1  about his January 14th surgery, and therefore lacked the mental capacity to
2  understand what he was signing. Plaintiff did not recall signing the grant deeds
3  and did not learn of their existence until he discovered in early December 2013
4  that they had been recorded by EMMY on or about April 12, 2012.

5      51.    As a proximate result of the conspiratorial acts by EMMY, LINDA
6  CRENSHAW and DOES 1 through 10, inclusive, and each of them, Plaintiff has
7  lost full ownership of property that was rightly his separate property, has been
8  damaged in amounts for the fair market value of said properties plus interest
9  thereon at the legal rate, and has incurred damages for the time and money spent in
10 pursuit of the properties converted by MICHAEL, MAKY and EMMY, in an
11 amount according to proof at the time of trial.

12     52.    Some time between December 25, 2008 and January 14, 2009, the
13 date scheduled for Plaintiff's life-threatening surgery, EMMY arranged to have
14 codicils to Plaintiff's will and revocable living trust drafted to bequeath $3.5
15 million worth of Plaintiff's assets, including real property, to her; she had the
16 codicils prepared by LINDA CRENSHAW and witnessed by neighbors
17 WILLIAM MAHER and DEBORAH MAHER.

18     53.    Plaintiff alleges that by their participation in the preparation of the
19 codicil documents, LINDA CRENSHAW and DOES 1 through 10, inclusive, and
20 each of them, were co-conspirators in EMMY's plans to defraud Plaintiff of his
21 assets in the event of his demise, as at the time of his signing the codicils on or
22 about January 13, 2009, he was on pain medication and pre-occupied about his
23 surgery scheduled for the very next day, and therefore lacked the mental capacity
24 to understand what he was signing. Plaintiff did not recall signing the codicils and
25 did not learn of their existence until EMMY produced the signed but yet
26 unrecorded codicils in early December 2013.

27     54.    As a proximate result of the conspiratorial acts by EMMY and DOES
28 1 through 10, inclusive, and each of them, Plaintiff has suffered the division of

HANEY & YOUNG LLP
1055 West Seventh Street, Suite 1950
Los Angeles, California 90017
Telephone: (213) 228-6500
Facsimile: (213) 228-6501

1  assets resulting from the dissolution of Plaintiff's marriage to EMMY.

2  55.  Defendants' conspiracy against Plaintiff was carried out maliciously with the intent to oppress and defraud Plaintiff of his money and his personal and/or real property. Plaintiff is entitled to exemplary and punitive damages in an amount according to proof at the time of trial.

## FOURTH CAUSE OF ACTION

### (For Intentional Infliction of Emotional Distress Against Defendants MICHAEL MELSH AND MAKY MELSH)

56.  Plaintiff incorporates each and every allegation of paragraphs 1 - 55 as though fully set forth herein.

57.  Plaintiff alleges that EMMY, MICHAEL and MAKY assumed that Plaintiff would not survive the January 14, 2009 surgery, and thereafter took advantage of Plaintiff's post-surgical disabled condition in the hopes that he would not discover the intentional, clandestine and conspiratorial fraudulent acts committed byEMMY, MICHAEL and MAKY.

58.  By reason of Plaintiff's discovery in December 2013 of the intentional, clandestine and conspiratorial fraudulent acts by EMMY, MICHAEL and MAKY, and that of LINDA CRENSHAW and DOES 1 through 10, inclusive, and each of them, acting as conspirators of EMMY in carrying out the fraudulent acts against Plaintiff, to defraud Plaintiff of his money, personal and/or real property, Plaintiff was caused to suffer shock, humiliation, mental anguish, and emotional and physical distress.

59.  Plaintiff alleges that the actions of EMMY, MICHAEL and MAKY, and that of LINDA CRENSHAW and DOES 1 through 10, inclusive, and each of them, acting as conspirators of EMMY, were intentional and malicious and done for the purpose of causing Plaintiff to suffer shock, humiliation, mental anguish, and emotional and physical distress.

11

60. As a direct and proximate result of the intentional acts by s, as hereinbefore alleged, Plaintiff has been caused to suffer sever emotional distress, including but not limited to shock, outrage, extreme anxiety, worry, mortification, embarrassment, humiliation, mental anguish, and emotional and physical distress, all to Plaintiff's damages in a sum according to proof at the time of trial.

61. As a further direct and proximate result of the severe emotional distress and mental anguish which plaintiff has experienced and will experience for the balance of his natural life, he is entitled to an award of exemplary and punitive damages in an amount according to proof at the time of trial.

**WHEREFORE**, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1. An Order that the Defendants' indebtedness to Plaintiff constitutes a non-dischargeable debt pursuant to 11 U.S.C. §§(a)(2),(4), and/or(6);

2. For general damages in an amount according to proof at the time of trial;

3. For special damages according to proof at the time of trial;

4. For the sum of $97,900 plus 9% interest per annum, according to proof;

5. For the sum of $7,000 plus 10% interest per annum, according to proof;

6. For imposition of a resulting trust to which Defendants MICHAEL MELSH and MAKY MELSH hold for Plaintiff's benefit all monies wrongfully used by Defendants belonging to Plaintiff;

7. For costs of suit incurred herein;

8. For attorney's fees incurred herein;

9. For pre-judgment interest according to law and proof;

10. For exemplary and punitive damages according to proof;

11. For an Order granting a non-dischargeable judgment in favor of Plaintiff, against the Defendant, plus pre-judgment interest and post-judgment interest, and reasonable attorneys' fees and costs of litigation as may be provided by law; and

1   12. For such other and further relief as the court deems just and proper.

Dated: January 22, 2016                HANEY & YOUNG, LLP

By: /s/Gregory L. Young/
    Steven H. Haney
    Gregory Young
    Attorneys for Plaintiff
    Ronald Molinari

HANEY & YOUNG LLP
1055 West Seventh Street, Suite 1950
Los Angeles, California 90017
Telephone: (213) 228-6500
Facsimile: (213) 228-6501

13

## DEMAND FOR JURY TRIAL

Plaintiff Ronald Molinari hereby demands a trial by jury.

Dated: January 22, 2016          **HANEY & YOUNG, LLP**

By: /s/Gregory L. Young/
Steven H. Haney
Gregory Young
Attorneys for Plaintiff
Ronald Molinari

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> Ronald Molinari | **DEFENDANTS** <br> Michael Melsh <br> Maky Melsh |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> Steven H. Haney    1055 W. 7th St., Ste 1950 <br> Gregory L. Young <br> Haney & Young, LLP    213-228-6500 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin <br> ☒ Creditor    ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor    ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Non-Dischargeability Complaint per 11 USC §§ 503(a)(2), (4), & (6) for fraud, elder abuse, civil conspiracy, and intentional infliction of emotional distress

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- ☒ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $ 100,000 + other damages TBD |
| Other Relief Sought   imposition of resulting trust, compensatory, punitive, and exemplary damages; attorney fees and costs; interest as allowed |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Michael and Mary Melsh | BANKRUPTCY CASE NO.<br>6:09-bk-H1347-SY | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central | DIVISION OFFICE<br>Riverside | NAME OF JUDGE<br>Yun | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*[signature]* | | | |
| DATE<br>01/22/16 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Gregory L. Young | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.